IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUKESH KUMAR, KESHAV KUMAR, DEVI LAAL, NIRANJAN, PAPPU, BRAJENDRA, MAHENDRA KUMAR, SHYAM SUNDER, PREM SINGH, BABLU, CHHAIL WIHAREE, RAMKISHAN, HARENDRA, LAUXMI NARAIN, RAMA RAM, UMESH CHAND, VIJENDRA SINGH, RAMESH KUMAR, DEVA RAM, RUPA RAM, and KHIMA RAM REBARI, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>  v.<br><br>BOCHASANWASI SHRI AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA, INC.,<br>BAPS MERCER LLC,<br>BAPS ROBBINSVILLE LLC,<br>BAPS FELLOWSHIP SERVICES, INC.,<br>BAPS ATLANTA, LLC,<br>BAPS CHINO HILLS, LLC,<br>BAPS DEVELOPMENT, INC.,<br>BAPS HOUSTON, LLC,<br>BAPS CHICAGO, LLC,<br>BAPS BOCHASANWASI SHRI AKSHARPURUSHOTTAM SWAMINARAYAN SANSTHA (an India Public Trust),<br>BHARAT PATEL, PANKAJ PATEL, KANU PATEL, RAKESH PATEL, HARSHAD CHAVDA, and SWAMI PRASANAND,<br><br>    Defendants. | Civil Action No. 3:21-cv-11048-AET-TJB |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO STAY**

On October 23, 2021, Plaintiffs filed their First Amended Complaint ("FAC"). Like the original Complaint filed on May 11, 2021, the FAC includes causes of action based on the

Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(a). The Parties acknowledge and have stipulated that the U.S. Attorney's Office for the District of New Jersey has commenced a criminal investigation relating to the same or substantially similar allegations as those raised by Plaintiffs under the TVPA. Because this civil action "aris[es] during the pendency of [a] criminal action arising out of the same occurrence in which the claimant is a victim," the TVPA requires this Court to stay the civil action until that investigation and any related proceedings have concluded. 18 U.S.C. § 1595(b)(1).

Accordingly, with the consent of the Plaintiffs, Defendants (as defined below) move for an Order staying this litigation until the conclusion of the criminal investigation and related proceedings. As the TVPA makes clear, the Court must stay *all* claims—not just those arising out of the TVPA—against *all* Defendants.

1. **BACKGROUND**

On May 11, 2021, Plaintiffs Mukesh Kumar, Keshav Kumar, Devi Laal, Niranjan, Pappu, and Brajendra, on behalf of themselves and all other similarly situated individuals, filed this action against Defendants Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc. ("BAPS Inc."), BAPS Mercer LLC, BAPS Robbinsville LLC, BAPS Fellowship Services, Inc., Bharat Doe a/k/a Bharat Bhai, Pankaj Patel, Kanu Patel, and Prashant Darshan Das Sadhu (misnamed in the Complaint as Swami Prasanand). The Complaint alleged causes of action based on the TVPA, 18 U.S.C. § 1595(a); the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*; and the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a *et seq.*

On October 23, 2021, Plaintiffs filed the FAC which, among other causes of action, added claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and several states' wage laws. The FAC also named additional plaintiffs Mahendra Kumar, Shyam Sunder, Prem Singh, Bablu, Chhail

Wiharee, Ramkishan, Harendra, Lauxmi Narain, Rama Ram, Umesh Chand, Vijendra Singh, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari (collectively with the original named plaintiffs, the "Plaintiffs"); updated the name of defendant Bharat Doe to Bharat Patel; and added defendants BAPS Atlanta, LLC, BAPS Chino Hills, LLC, BAPS Development, Inc., BAPS Houston, LLC, BAPS Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha (an India Public Trust), Rakesh Patel, and Harshad Chavda (collectively with the original named defendants as amended in the FAC, "Defendants" or "BAPS").[1]

All of the causes of action in both the Complaint and the FAC concern BAPS' alleged treatment and compensation of certain Indian R-1 visa holders who have traveled from India to participate in the construction of the temples (or "mandirs") at BAPS' campus in Robbinsville, New Jersey and other locations in the United States.[2] The Parties acknowledge and have stipulated that there is an ongoing federal criminal investigation by the U.S. Attorney's Office for the District of New Jersey and other federal investigative agencies arising out of the same or substantially similar occurrences and allegations which are the basis of this civil action and the First Amended Complaint. *See* Stipulation and Order Regarding Mot. to Stay, Tolling of FLSA Claims, and Extension of Time to Respond to First Am. Compl. ¶ 6 ("Stipulation"). Under those circumstances, this action is subject to the TVPA's mandatory stay provision, 18 U.S.C. § 1595(b)(1).

---

[1] Counsel for Defendants do not represent BAPS Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha (an India Public Trust) or Harshad Chavda, who are located outside of the United States and upon whom service has not been effectuated. Plaintiffs represent that they are undertaking to effectuate timely service on them. If and when Plaintiffs serve those Defendants, the Court's Order would automatically apply to those Defendants.

[2] The original Complaint in this matter related solely to the construction of the mandir in Robbinsville. The FAC added allegations regarding the construction of mandirs in or around Los Angeles, Atlanta, Houston, and Chicago.

I.  **ARGUMENT**

   A. **Stays Under Section 1595(b)(1) Are Mandatory**

The language of the TVPA is clear and mandatory: "Any civil action brought under [the TVPA] *shall* be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim." 18 U.S.C. § 1595(b)(1) (emphasis added). Congress enacted this stay provision "to alleviate the U.S. Department of Justice's concern that civil suits could hinder a domestic prosecutor's ability to try criminal cases 'unfettered by the complications of civil discovery.'" *Plaintiff A v. Schair*, 744 F.3d 1247, 1254 (11th Cir. 2014) (emphasis omitted) (quoting H.R. Rep. No. 108–264, pt. 2, at 17 (2003)).

Because § 1595(b)(1) provides that civil proceedings "*shall* be stayed," there is no discretion when the statute's conditions are met.[3] *See Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549, 550 (S.D.N.Y. 2012) (describing § 1595(b)(1) as a "*mandatory* stay provision" and noting "the ordinary meaning of Section 1595's *command*" for a stay (emphasis added)); *Muchira v. Al-Rawaf*, 850 F.3d 605, 616 (4th Cir. 2017) (noting that § 1595(b) is "the TVPA's mandatory stay provision"); *Schair*, 744 F.3d at 1254 (same); *see also, e.g.*, *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (contrasting "Congress' use of a mandatory 'shall' . . . to impose[s] discretionless obligations" with Congress' "use of the permissive 'may'").

---

[3] While the TVPA requires the Court to stay the civil proceedings, the Court retains some "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). The Court's exercise of that authority must be "a reasonable response to the problems and needs confronting the court's fair administration of justice" and not "contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* (internal quotation marks and citations omitted). Accordingly, the Parties agree, and have stipulated, that notwithstanding the entry of a stay, Plaintiffs or Defendants may still seek the intervention of the Court if necessary for emergency situations related to this matter, and that Plaintiffs may seek the intervention of the Court if needed to effectuate service on the two foreign Defendants. The parties agree that the Court retains discretion to respond to such applications as appropriate, consistent with its inherent authority.

### B. The Ongoing Criminal Investigation Constitutes "Criminal Action" Requiring a Stay under the TVPA

Although there have been no criminal charges, the statute is clear that an active criminal investigation is sufficient to trigger the stay requirement: a "'criminal action' includes *investigation and prosecution* and is pending until final adjudication in the trial court." *Id.* § 1595(b)(2) (emphasis added). Here, the parties have stipulated that such an investigation by the U.S. Attorney's Office and other federal investigative agencies is currently ongoing. *See* Stipulation ¶ 6. Under those circumstances, there is an ongoing "criminal action" that triggers the TVPA's mandatory stay provision. *See, e.g.*, *Ara v. Khan*, No. CV 07-1251, 2007 WL 1726456, at *1 (E.D.N.Y. June 14, 2007) (finding that a stay was proper where the government reportedly "initiated a criminal investigation into the circumstances and conditions under which the plaintiff was employed by the defendants").

### C. The Criminal Investigation Arises Out of the Same Occurrence as the Civil Action

The FAC alleges that BAPS recruited individuals who came to the United States from India under the R-1 visa program to work at the Robbinsville and other mandirs across the country. *See* FAC ¶¶ 1-12. Plaintiffs allege, however, that the R-1 visa holders were not religious volunteers, but were individuals who performed manual labor for long hours without adequate compensation and that the R-1 visa holders were subject to forced labor, among other things. *Id.* ¶ 4.

Defendants vigorously and categorically deny those allegations, as well as the remainder of the FAC. Defendants contend that U.S. Government officials have authorized the use of R-1 visas for individuals to travel to the United States to perform volunteer services at BAPS temples for 20 years and that federal, state, and local government agencies have regularly visited and inspected all of those construction projects.

At the same time, the Parties agree that the ongoing criminal investigation arises "out of the same or substantially similar occurrences and allegations that underlie this civil action, including BAPS' treatment and compensation of certain R-1 visa holders who have traveled from India to participate in the construction of BAPS' temples (or "mandirs")." Stipulation ¶ 6. In other words, the investigation "aris[es] out of the same occurrence[s]" as those which are the basis of this civil action. *See* 18 U.S.C. § 1595(b)(1). That showing clearly satisfies the TVPA's standard. *See Ara*, 2007 WL 1726456, at *1 (granting stay because both civil TVPA suit and criminal forced-labor and trafficking investigation involved "circumstances and conditions under which the plaintiff was employed by the defendants"); *cf. Tianming Wang v. Gold Mantis Constr. Decoration (CNMI), LLC*, No. 18-cv-0030, 2020 WL 5983939, at *4 (D. N. Mar. I. Oct. 9, 2020) (denying stay because criminal charges were based on "defendants defrauding and deceiving the U.S. government and its agencies," while civil complaint was based on "trafficking, worker exploitation, forced labor, and egregious working conditions").

### D. All Civil Causes of Action Against All Defendants Must Be Stayed

Section 1595(b) requires that the Court stay the entire civil action, not just those claims arising under the TVPA.[4] Specifically, the statute requires staying "any civil action," not just specific claims, when its conditions are met. 18 U.S.C. § 1595(b)(1). That result, of course, is consistent with the goal of the TVPA's stay provision to prevent the "complications" of civil discovery from hindering criminal investigations and to ensure that "prosecutions . . . take priority over civil redress." *Lunkes*, 882 F. Supp. 2d at 549 (quoting H.R. Rep. No. 108–264, pt. 2, at 17 (2003)). Based on this plain text and purpose, as long as a TVPA claim arises "out of the same

---

[4] All claims in the Amended Complaint revolve around the same core issue—whether plaintiffs and putative class and collective members are entitled to certain wages and other damages.

occurrence in which the claimant is the victim," the TVPA requires staying the case as to all claims and all defendants. 18 U.S.C. § 1595(b)(2). There can simply be no doubt that such is the case in the instant civil action.

The court in *Lunkes*, which stayed the entire civil case where only three (3) out of the 13 total claims arose under the TVPA, agreed with that logic. 882 F. Supp. 2d at 551. As the court explained, Section 1595 expressly "requires the stay of '[a]ny civil action' to which it is applicable; it does not speak of staying particular claims." *Id.* at 550 (quoting 18 U.S.C. § 1595(b)(1)) . The court also recognized that partial stays would not fulfill the purpose of the stay provision: "staying only the plaintiffs' TVPRA claims would not avoid the risk of civil litigation interfering with the government's ability to prosecute its case because, as with additional defendants, discovery with respect to a plaintiff's non-TVPRA claims will commonly overlap with the TVPRA-specific discovery." *Id.*; *see also*, *e.g.*, *Ara*, 2007 WL 1726456, at *1–2 (staying "all proceedings" under § 1595(b)(1) in a case raising several non-TVPA claims, including wage-and-labor violations).

It is also irrelevant if some number of defendants are outside the ambit of the government's investigation. "[A] Section 1595 stay . . . encompass[es] all defendants in a case," even those "not facing criminal charges," *Lunkes,* 882 F. Supp. 2d at 550, because Section 1595 commands that its stays apply to "civil action[s]," not to particular claims or particular parties. 18 U.S.C. § 1595(b)(1). As *Lunkes* explains, a stay is required because the civil action "with respect to those civil defendants not facing criminal charges" would "overlap significantly" with the government's investigation or prosecution of the remaining civil Defendants. 882 F. Supp. 2d at 550. "Thus, the risk of interference with criminal prosecution is fully addressed only b[y] extending the stay to all defendants." *Id.*

**CONCLUSION**

With the consent of the Plaintiffs, Defendants respectfully request that the Court stay this litigation until the related criminal action has concluded as to all Defendants, with the exceptions provided in the attached Stipulation and proposed form of Order.

November 22, 2021

Respectfully submitted,

*OF COUNSEL:*

/s/ Paul J. Fishman
Paul J. Fishman
ARNOLD & PORTER KAYE SCHOLER LLP
One Gateway Center, Suite 1025
Newark, NJ 07102
Tel. (973) 776-1900
Facsimile (973) 776-1919
paul.fishman@arnoldporter.com

Joshua F. Alloy (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Tel. (202) 942-5895
josh.alloy@arnoldporter.com

*Attorneys for Defendants*
BOCHASANWASI SHRI AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA, INC., BAPS MERCER LLC, BAPS ROBBINSVILLE LLC, BAPS FELLOWSHIP SERVICES, INC., BAPS ATLANTA, LLC, BAPS CHINO HILLS, LLC, BAPS DEVELOPMENT, INC., BAPS HOUSTON, LLC, BAPS CHICAGO, LLC, BHARAT PATEL, PANKAJ PATEL, KANU PATEL, RAKESH PATEL, and PRASANT DARSHAN DAS SADHU

## CERTIFICATE OF SERVICE

I certify that, on November 22, 2021, I electronically filed the Memorandum in Support of Consent Motion to Stay via ECF, which caused a copy to be served on all counsel of record.

/s/ *Paul Fishman*
Paul J. Fishman
One Gateway Center
Newark, NJ 07102-5310
Tel: 973.776.1901
Fax: 973.776.1919
Paul.Fishman@arnoldporter.com

*Counsel for Defendants*