UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUKESH KUMAR, KESHAV KUMAR, DEVI LAAL, NIRANJAN, PAPPU, BRAJENDRA, MAHENDRA KUMAR, SHYAM SUNDER, PREM SINGH, BABLU, CHHAIL WIHAREE, RAMKISHAN, HARENDRA, LAUXMI NARAIN, RAMA RAM, UMESH CHAND, VIJENDRA SINGH, RAMESH KUMAR, DEVA RAM, RUPA RAM, and KHIMA RAM REBARI, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>  v.<br><br>BOCHASANWASI SHRI AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA, INC.,<br>BAPS MERCER LLC,<br>BAPS ROBBINSVILLE LLC,<br>BAPS FELLOWSHIP SERVICES, INC.,<br>BAPS ATLANTA, LLC,<br>BAPS CHINO HILLS, LLC,<br>BAPS DEVELOPMENT, INC.,<br>BAPS HOUSTON, LLC,<br>BAPS CHICAGO, LLC,<br>BAPS BOCHASANWASI SHRI AKSHARPURUSHOTTAM SWAMINARAYAN SANSTHA (an India Public Trust),<br>BHARAT PATEL, PANKAJ PATEL, KANU PATEL, RAKESH PATEL, HARSHAD CHAVDA, and SWAMI PRASANAND,<br><br>    Defendants. | Civil Action No. 3:21-cv-11048-AET-TJB |

**STIPULATION AND ORDER REGARDING MOTION TO STAY, TOLLING OF FLSA CLAIMS, AND EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**

Defendants Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc. ("BAPS"), BAPS Mercer LLC, BAPS Robbinsville LLC, BAPS Fellowship Services, Inc., BAPS Atlanta, LLC, BAPS Chino Hills, LLC, BAPS Development, Inc., BAPS Houston, LLC, BAPS Chicago, LLC, Bharat Patel, Pankaj Patel, Kanu Patel, Rakesh Patel, and Prashant Darshan Das Sadhu (misnamed in the First Amended Complaint as "Swami Prasanand") (collectively, "Defendants") and Plaintiffs Mukesh Kumar, Keshav Kumar, Devi Laal, Niranjan, Pappu, Brajendra, Mahendra Kumar, Shyam Sunder, Prem Singh, Bablu, Chhail Wiharee, Ramkishan, Harendra, Lauxmi Narain, Rama Ram, Umesh Chand, Vijendra Singh, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari, on behalf of themselves and all others similarly situated (collectively, the "Plaintiffs"; together with the Defendants, the "Parties"), by and through their attorneys stipulate as follows:

1. Plaintiffs filed their original Complaint on May 11, 2021 (Docket #1).

2. On June 29, 2021, the Court endorsed the Parties' stipulation extending Defendants' deadline to move, answer or otherwise respond to the Complaint (Docket #6).

3. On August 27, 2021, the Court endorsed the Parties' stipulation setting a deadline for Plaintiffs to file their First Amended Complaint for September 23, 2021, and extending Defendants' deadline to move, answer or otherwise respond to the First Amended Complaint to the later of (i) October 23, 2021, or (ii) 30 days from the date on which Plaintiffs filed their First Amended Complaint (Docket #15).

4. On September 23, 2021, the Court endorsed the Parties' stipulation extending the deadline for Plaintiffs to file their First Amended Complaint to October 22, 2021, and extending Defendants' deadline to move, answer, or otherwise respond to the First Amended Complaint to

the later of (i) November 22, 2021, or (ii) 30 days from the date on which Plaintiffs filed their First Amended Complaint (Docket #16).

5. Plaintiffs filed their First Amended Complaint at 12:01 a.m. on October 23, 2021, having had technical difficulties with their filing at the end of the day on October 22, 2021 (Docket #20).

6. There is an ongoing federal criminal investigation by the U.S. Attorney's Office for the District of New Jersey and other federal investigative agencies arising out of the same or substantially similar occurrences and allegations that underlie this civil action, including BAPS' treatment and compensation of certain R-1 visa holders who have come from India to participate in the construction of BAPS' temples (or "mandirs").

7. On or before November 22, 2021, Defendants will file a motion to stay the entire civil action pursuant to the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(b)(1) (the "Motion to Stay").

8. Counsel for Defendants have conferred extensively with counsel for Plaintiffs about the Motion to Stay and have provided Plaintiffs' counsel with a draft of that Motion and the accompanying brief.

9. Plaintiffs consent to the Motion to Stay these proceedings as provided in the TVPA.

10. Defendants have also conferred with the U.S. Attorney's Office for the District of New Jersey, which has informed Defendants that the United States does not object to a stay of this civil action pursuant to the TVPA.

11. The Parties agree that, notwithstanding the entry of a stay, Plaintiffs or Defendants may seek the intervention of the Court if necessary for emergency situations related to this matter, and that Plaintiffs may seek the intervention of the Court if needed to effectuate service upon the two foreign defendants Harshad Chavda and BAPS Bochasanwasi Shri Aksharpurushottam

Swaminarayan Sanstha (an India Public Trust) (including any motion to extend the time to effectuate service on these two foreign defendants).

12. Defendants' filing of the Motion to Stay obviates their obligation to respond to the First Amended Complaint by the dates set forth in the Court's Order of September 23, 2021.

13. Upon the lifting or dissolution of the stay, or a decision by the Court denying the Motion to Stay, Defendants shall have sixty (60) days to move, answer, or otherwise respond to the First Amended Complaint and the Parties shall promptly meet and confer to agree upon any other proposed deadlines or scheduling.

14. Counsel for Defendants will accept service of the summonses and First Amended Complaint and will waive any objections based on defects in that service on behalf of all Defendants, except the two foreign defendants Harshad Chavda and BAPS Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha (an India Public Trust).

15. The statute of limitations under the Fair Labor Standards Act ("FLSA") shall be tolled as to claims brought by any individual who may later sign a consent and opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA; the claims shall be tolled only between the date that the Motion to Stay is filed and the date on which the stay is lifted ("the Tolling Period"). The Tolling Period shall not be included in computing time pursuant to the statute of limitations under the FLSA as to those individuals who may later sign a consent and opt into this case.

16. The caption and the clerk's docket should be corrected to reflect the true and proper name of Defendant Swami Prasanand as Prashant Darshan Das Sadhu.

Dated: November 22, 2021

| JAFFE GLENN LAW GROUP | ARNOLD & PORTER KAYE SCHOLER LLP |
|---|---|
| /s/ *Andrew Glenn* | /s/ *Paul J. Fishman* |
| Andrew Glenn | Paul J. Fishman |
| 300 Carnegie Center, Ste. 150 | One Gateway Center, Suite 1025 |
| Princeton, NJ 08540 | Newark, NJ 07102 |
| (201) 687-9977 | (973) 776-1901 |
| aglenn@jaffeglenn.com | Paul.Fishman@arnoldporter.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* BOCHASANWASI SHRI AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA, INC., BAPS MERCER LLC, BAPS ROBBINSVILLE LLC, BAPS FELLOWSHIP SERVICES, INC., BAPS ATLANTA, LLC, BAPS CHINO HILLS, LLC, BAPS DEVELOPMENT, INC., BAPS HOUSTON, LLC, BAPS CHICAGO, LLC, BHARAT PATEL, PANKAJ PATEL, KANU PATEL, RAKESH PATEL, and PRASANT DARSHAN DAS SADHU |