## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUKESH KUMAR, KESHAV KUMAR, DEVI LAAL, NIRANJAN, PAPPU, BRAJENDRA, MAHENDRA KUMAR, SHYAM SUNDER, PREM SINGH, BABLU, CHHAIL WIHAREE, RAMKISHAN, HARENDRA, LAUXMI NARAIN, RAMA RAM, UMESH CHAND, VIJENDRA SINGH, RAMESH KUMAR, DEVA RAM, RUPA RAM, and KHIMA RAM REBARI, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs,<br><br>   v.<br><br>BOCHASANWASI SHRI AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA, INC., BAPS MERCER LLC, BAPS ROBBINSVILLE LLC, BAPS FELLOWSHIP SERVICES, INC., BAPS ATLANTA, LLC, BAPS CHINO HILLS, LLC, BAPS DEVELOPMENT, INC., BAPS HOUSTON, LLC, BAPS CHICAGO, LLC, BAPS BOCHASANWASI SHRI AKSHARPURUSHOTTAM SWAMINARAYAN SANSTHA (an India Public Trust), BHARAT PATEL, PANKAJ PATEL, KANU PATEL, RAKESH PATEL, HARSHAD CHAVDA, and SWAMI PRASANAND,<br><br>        Defendants. | Civil Action No. 3:21-cv-11048-AET-TJB |

## ORDER REGARDING CONSENT MOTION TO STAY

This matter is before the Court on the Consent Motion to Stay filed by Defendants Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc. ("BAPS"), BAPS Mercer LLC, BAPS Robbinsville LLC, BAPS Fellowship Services, Inc., BAPS Atlanta, LLC, BAPS Chino Hills, LLC, BAPS Development, Inc., BAPS Houston, LLC, BAPS Chicago, LLC, Bharat Patel, Pankaj Patel, Kanu Patel, Rakesh Patel, and Prashant Darshan Das Sadhu's (misnamed in the First Amended Complaint as "Swami Prasanand") (collectively, "Defendants").

Having reviewed the Motion, the Memorandum of Law, and the Stipulation between the Parties, and for good cause shown, the Court finds: (i) the First Amended Complaint contains allegations under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(b)(1), concerning Defendants' alleged treatment and compensation of certain Indian R-1 visa holders who have traveled from India to participate in the construction of BAPS' temples (or "mandirs"), (ii) there is an ongoing federal criminal investigation arising out of the same or substantially similar occurrences and allegations as those raised by the Plaintiffs under the TVPA, and (iii) under these circumstances, a stay of the litigation is mandatory pursuant to the TVPA. Accordingly, it is:

**ORDERED** that this action is **STAYED** as to all defendants and all claims, through final adjudication of the pending criminal action, until further order from the Court;

**ORDERED** that the deadline for Defendants' to move, answer or otherwise respond to Plaintiffs' First Amended Complaint (ECF No. 20) is adjourned;

**ORDERED** that the statute of limitations under the Fair Labor Standards Act ("FLSA") shall be tolled as to claims brought by any individual who may later sign a consent and opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA; the claims

shall be tolled only between the date that the Motion to Stay is filed and the date on which the stay is lifted ("the Tolling Period"). The Tolling Period shall not be included in computing time pursuant to the statute of limitations under the FLSA as to those individuals who may later sign a consent and opt into this case;

**ORDERED** that, notwithstanding the entry of this stay, the Parties may seek the intervention of the Court if necessary for emergency situations related to this matter, and the Plaintiffs may seek the intervention of the Court if needed to effectuate service upon the two foreign defendants Harshad Chavda and BAPS Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha (an India Public Trust) (including any motion to extend the time to effectuate service on these two foreign defendants);

**ORDERED** that the Parties shall notify the Court, in writing, within thirty (30) days after the final adjudication of the pending criminal action;

**ORDERED** that upon the lifting or dissolution of the stay, Defendants shall have sixty (60) days to move, answer, or otherwise respond to the First Amended Complaint and the Parties shall promptly meet and confer to agree upon any other proposed deadlines or scheduling; and

**ORDERED** that the caption and the clerk's docket be corrected to reflect the true and proper name of Defendant Swami Prasanand as Prashant Darshan Das Sadhu.

_____            11/23/21
Honorable Anne E. Thompson, U.S.D.J.      Date