

300 Carnegie Center, Suite 150, Princeton, New Jersey 08540
Tel (201) 687-9977 Fax (201) 595-0308 Toll (866) 216-5186
Florida - New Jersey - New York

May 19, 2022

**Via ECF**
Hon. Anne E. Thompson
United States District Court for the District of New Jersey
402 East State Street, Trenton, NJ 08608

  Re: *Kumar, et al. v. Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., et al.*, **No. 21-CV-11048**

Dear Judge Thompson,

  I am local counsel for Plaintiffs Mukesh Kumar, Keshav Kumar, Devi Laal, Niranjan, Pappu, Brajendra, Mahendra Kumar, Shyam Sunder, Prem Singh, Bablu, Chhail Wiharee, Ramkishan, Harendra, Lauxmi Narain, Rama Ram, Umesh Chand, Vijendra Singh, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari ("Plaintiffs") in the above-referenced matter.

  I write to update the Court on the status of Plaintiffs' efforts to serve the two India-based Defendants, Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha (An India Public Trust) a/k/a Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha (hereafter, "BAPS India"), and Harshad Chavda.

  On January 27, 2022, the Court granted Plaintiffs' motion for leave to file a Second Amended Complaint to correct minor errors in the spelling of one of the foreign Defendants' names. (ECF No. 25.) On February 3, 2022, Plaintiffs filed their Second Amended Complaint. (ECF No. 26.)

  Because India is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Plaintiffs initiated the process to effect service of the summons and Second Amended Complaint under the Convention, pursuant to Federal Rules of Civil Procedure 4(f)(1) (which provides for service on an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give

notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents") and 4(h)(2) (which provides for service on a corporation located outside the United States by "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery," and thus authorizes service on a foreign corporation via the Hague Service Convention). *See Volkwsagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies . . . ."); *see also Cephalon, Inc. v. Sun Pharma. Indus.*, Civ. Action No. 11-5474, 2011 WL 6130416, at *2 (D.N.J. Dec. 7, 2011) ("Sun India is an Indian corporation and India is a signatory to the Hague Convention. Thus, service upon Sun India must be effected in accordance with the Hague Convention.").

Specifically, Plaintiffs sent requests for service under the Hague Service Convention to India's Central Authority, the Indian governmental entity designated with effecting service requests under the Hague Service Convention. Included with these requests were, as required, copies of the Hague Service Convention Warning and a Summary of the Document to Be Served. Also included were the Summons to BAPS India (ECF No. 31), the Summons to Harshad Chavda (ECF No. 31), the Civil Cover Sheet (ECF No. 1-1), and the Second Amended Complaint (ECF No. 26), among other things.

These documents were delivered to the Central Authority on April 11, 2022 by UPS.

The Central Authority is now responsible for effecting service on each of these Defendants, a process that we understand may take a year or more. However, because this case is currently stayed, (*see* ECF No. 22), this process of serving the India-based Defendants likely will not delay these proceedings.[1]

We will update the Court on the status of these service efforts when we receive a response from India's Central Authority. We thank the Court for its attention to this matter.

                                              Respectfully submitted,

                                              /s Andrew I. Glenn
                                              Andrew Glenn, Esq.

cc:     All counsel by ECF

---

[1] Plaintiffs also intend to mail requests for waivers of service to the India-based Defendants at the addresses listed in the summons, and by email to BAPS India at a publicly listed email address.