

300 Carnegie Center, Suite 150, Princeton, New Jersey 08540
Tel (201) 687-9977 Fax (201) 595-0308 Toll (866) 216-5186
Florida - New Jersey - New York

July 18, 2023

**Via ECF**
Hon. Anne E. Thompson
United States District Court for the District of New Jersey
402 East State Street, Trenton, NJ 08608

**Re:** ***Kumar, et al. v. Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., et al.*****, No. 21-CV-11048**

Dear Judge Thompson:

We represent the Plaintiffs in the above-referenced civil action, a class action brought on behalf of hundreds of workers recruited in India to come to the United States and do construction work for Defendants. Plaintiffs allege that they and the putative class members were, among other things, subject to forced labor by Defendants, and paid well below the state and federal minimum wage for their work. The case has been stayed pursuant to the automatic stay provision of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(b)(1). The Court's November 23, 2021 Order staying the case allowed the parties to seek "the intervention of the Court if necessary for emergency situations related to this matter." ECF No. 22 at 3. Such a situation has arisen.

Aaditya SB Soni, an attorney in India, has recently sent us with a letter in which he claims that twelve of the Plaintiffs[1] – all of whom who currently reside in India – "seek to terminate their relationship" with our firms. *See* Ex. A at 1. Mr. Soni's letter states that the twelve Plaintiffs he claims to represent "have decided against pursuing any claims and request that you promptly terminate their involvement in the lawsuit by filing a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a) as to each of them." *Id.* Mr. Soni attached letters he claims each of these Plaintiffs signed asking us to withdraw as their counsel. *Id.* at 3–14. However, these letters also indicate that the Plaintiffs "will engage another attorney to represent us in this

[1] The twelve Plaintiffs are Brajendra, Prem Singh, Chhail Wiharee, Shyam Sunder, Lauxmi Narain, Umesh Chand, Keshav Kumar, Harendra, Ramkishan, Bablu, Vijendra Singh, and Pappu.

matter," and do not say anything about seeking to dismiss their claims against Defendants. *See, e.g.*, *id.* at 3.

To be clear, this development would not impact our ability to continue representing the nine other Plaintiffs who Mr. Soni does not claim to represent, as those workers continue to be class representatives remain ready to prosecute this case. Those Plaintiffs are: Mukesh Kumar, Davi Laal, Niranjan, Mahendra Kumar, Rama Ram, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari. Nevertheless, we have serious concerns about what Mr. Soni's letter means, and whether Defendants or their agents may have engaged in unlawful retaliation under the TVPA and the Fair Labor Standards Act ("FLSA").

We are unable to verify the signatures on the purported requests. In response to a follow-up email we sent to Mr. Soni asking for further information (attached as Ex. B), Mr. Soni claimed the twelve Plaintiffs wished to dismiss their claims because "they believe the facts on which this case is based upon are totally false and no longer want to be a part of a case based on false allegations." *See* Ex. C. He also instructed us not to communicate with the twelve Plaintiffs without his permission. *Id.*

In recent days, it also appears that Mr. Soni issued a press release in which he claimed that the twelve Plaintiffs have withdrawn from the case and repudiated their legal claims. *See* https://www.opindia.com/2023/07/us-artisans-baps-temple-lawsuit-coerced/amp/.

Because of concerns about potential obstruction of the pending criminal investigation, we have brought Mr. Soni's communications to the attention of federal law enforcement. As for the civil case:

If we were to dismiss the twelve Plaintiffs Mr. Soni purports to represent, portions of their claims under the FLSA could be time-barred. *See* 28 U.S.C. §§ 255(a) & 256.[2] Therefore, if we were to dismiss their FLSA claims, even if the twelve Plaintiffs were permitted to renew their claims at a later date,[3] each day they are not part of the case would result in a day's erosion of their eligibility for FLSA damages.

[2] For example, Plaintiff Bablu worked at the BAPS Robbinsville, New Jersey temple starting in approximately May 2018. Second Amend. Compl., ECF No. 26 ("SAC") at ¶ 37. He joined the case as a party Plaintiff and filed his FLSA Consent to Sue form on October 23, 2021, ECF Nos. 20 & 20-1 at Ex. 6, which tolled the prescription period for his FLSA claims, *see Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 478-79 (D.N.J. 2000) (FLSA statute of limitations not tolled until an employee brings individual claims in a lawsuit or files a consent form). Assuming a three-year statute of limitations would apply to his claims—absent a finding of equitable tolling—he would have timely claims to receive unpaid minimum and overtime wages under the FLSA beginning on October 23, 2018. If he had joined the FLSA action one day later, he would have lost one day of unpaid FLSA wages in 2018, and so on.

[3] Whether a plaintiff who dismisses his FLSA claims could later renew them, and whether his non-FLSA claims would be tolled because he is a member of the putative Rule 23 class, is a hypothetical question, as Mr. Soni claims on behalf of his purported clients, that the claims are "totally false," indicating he has no intent to further pursue their claims. It is not clear whether the clients understood this when allegedly signing their letters.

Therefore, because of the contradictions between Mr. Soni's letter and subsequent email and the twelve Plaintiffs' alleged letters (Mr. Soni requests dismissal, while the twelve Plaintiffs' alleged letters only request that the Plaintiffs' counsel "withdraw from the cases or matters in which you currently represent us"), Plaintiffs' counsels' inability to confirm the authenticity of the twelve Plaintiffs' alleged letters, and concerns about the circumstances behind the letters, dismissing the twelve Plaintiffs' claims without the opportunity to engage in fact-gathering would result in substantial erosion of the twelve Plaintiffs' rights. In other words, if the signatures are not authentic, if the twelve Plaintiffs only wanted counsel to withdraw without dismissing their claims, or if the twelve Plaintiffs actually signed the documents in India but did so under duress or facing retaliation, we would not be faithful advocates for our clients if we were to dismiss the twelve Plaintiffs at this juncture solely based on Mr. Soni's representations.

Because the civil case is stayed, we request that the Court allow us to defer any action on the purported dismissal requests until the stay is lifted and we have an opportunity to conduct related discovery. This would preserve the twelve Plaintiffs' rights, would not prejudice them if they indeed do wish to be dismissed, and would protect the criminal investigation.

Alternatively, we would request that the Court temporarily lift the stay so we may conduct limited discovery. This would include:

- discovery, through the Texas-based attorney Mr. Soni claims the twelve Plaintiffs also engaged and through Defendants' current counsel,[4] regarding any communications the twelve Plaintiffs had with or compensation they received in conjunction with the alleged dismissal request; and
- written discovery and limited depositions of Defendants and Mr. Soni regarding their knowledge of the circumstances behind the alleged requests.

We would be happy to address these matters with the Court at a telephonic conference in the coming days. We thank the Court for its attention to this matter.

Respectfully submitted,

Andrew Glenn
300 Carnegie Center, Ste. 150
Princeton, NJ 08540
(201) 431-8069
aglenn@jaffeglenn.com
*Local Counsel for Plaintiffs*

Patricia Kakalec
Hugh Baran
Kakalec Law PLLC

[4] According to Mr. Soni's letter, the twelve Plaintiffs "have also engaged Dinesh Singhal, an attorney based out of Texas, who is assisting me in this matter." Ex. A at 2.

195 Montague Street, 14th Floor
Brooklyn, NY 11201
(212) 705-8730
Patricia@KakalecLaw.com
Hugh@KakalecLaw.com
*(admitted pro hac vice)*

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, GA 30030
(678) 271-0304
dan@decaturlegal.com
*(admitted pro hac vice)*

*Attorneys for Plaintiffs*