# Arnold & Porter

**Paul J. Fishman**
+1 973.776.1901 Direct
Paul.Fishman@arnoldporter.com

July 24, 2023

**VIA ECF**

Honorable Georgette Castner
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building and
United States Courthouse
402 East State Street
Trenton, NJ 08608

Re: Kumar, et al. v. Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., et al., No. 21-CV-11048

Dear Judge Castner:

We represent Defendants Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., BAPS Atlanta, LLC, BAPS Chicago, LLC, BAPS Chino Hills, LLC, BAPS Houston, LLC, BAPS Mercer, LLC, BAPS Robbinsville, LLC, BAPS Development, Inc., BAPS Fellowship Services, Inc., Bharat Patel, a/k/a Bharat Doe a/k/a Bharat Bhai, Kanu Patel, Pankaj Patel, Swami Prasanand a/k/a Prashant Darshan Das Sadhu, and Rakesh Patel in the above-referenced civil action.[1] We write in response to the July 18, 2023, letter (ECF No. 34) in which counsel of record ("Counsel of Record") for Plaintiffs effectively seek this Court's blessing to ignore the clear and unequivocal direction of 12 named Plaintiffs ("12 Plaintiffs") – who are now represented by different counsel – to terminate their attorney-client relationship with Counsel of Record and to withdraw as Plaintiffs from this matter. Instead, Counsel of Record propose to ignore those instructions and force the 12 Plaintiffs to remain in the case until the civil stay is ultimately lifted. Alternatively, Counsel of Record seek intrusive, burdensome, and unwarranted discovery to explore the reasons for and circumstances surrounding the 12 Plaintiffs' decision.

---

[1] We do not represent Defendants BAPS Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha (an India Public Trust) or Harshad Chavda.

Arnold & Porter Kaye Scholer LLP
One Gateway Center, Suite 1025  |  Newark, NJ 07102-5315  |  www.arnoldporter.com

**Arnold & Porter**

Hon. Georgette Castner
July 24, 2023
Page 2

Counsel of Record have proffered no evidence in their submission that would justify pushing the "pause button" on the 12 Plaintiffs' request. To the contrary, they offer only conjecture, speculation, and conspiracy theories that are not remotely sufficient grounds to deny represented parties their legal rights. Counsel of Record should act promptly to dismiss these 12 Plaintiffs from the case pursuant to Fed. R. Civ. P. 41(a).

Despite Counsel of Record's characterization, the exhibits they attached to their filing make clear the intent of the 12 Plaintiffs. In particular, the correspondence between Counsel of Record and Aaditya Soni, an attorney in India, establishes the following:

- On June 16, 2023, Mr. Soni emailed Counsel of Record a letter (the "June 16 Letter") (ECF No. 34-1) that identified twelve individuals who have engaged him and "have expressed their decision to withdraw" from this case. *Id.* at 2-3. He continued that the 12 Plaintiffs "seek to terminate their relationship with your respective firms." (*Id.* at 2.) Mr. Soni also stated that his "clients have decided against pursuing any claims and request that [Counsel of Record] promptly terminate their involvement in the lawsuit by filing a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a) . . . ." (*Id.*) Finally, Mr. Soni noted that his clients "have also engaged Dinesh Singhal, an attorney based out of Texas, who is assisting me in this matter." (*Id.* at 3.)

- With his June 16 Letter, Mr. Soni enclosed letters from the 12 Plaintiffs; each of those letters bears a date in April, and each contains a fingerprint, or a signature and a fingerprint. (ECF No. 34-1 at 4-15.) Those letters, directed to Counsel of Record, all declared that "our legal relationship has been terminated" and expressly requested that Counsel of Record "file your motions to withdraw from" this case. (*Id.*)

- On June 23, Counsel of Record confirmed receipt of Mr. Soni's June 16 Letter. They also asked Mr. Soni to provide copies of the 12 Plaintiffs' letters in their original Hindi, and they requested a call to discuss "a number of questions." (ECF No. 34-2 at 3.) Mr. Soni replied that same day, provided the original Hindi letters, and offered to answer Counsel of Record's questions in writing. (*See id.*)

- Having received no response by June 28, Mr. Soni followed up and requested confirmation that Counsel of Record had "started the procedure" for withdrawing as counsel for his clients and for "withdrawing my clients as plaintiffs from the Class Action Complaint." (*Id.* at 2.)

**Arnold & Porter**

Hon. Georgette Castner
July 24, 2023
Page 3

- o Counsel of Record did not provide that confirmation. Instead, on June 29, they asked Mr. Soni to provide the "reasons for the requested withdrawal," and to provide some additional information. (*See id*.)

- o In his July 4 reply, Mr. Soni explained the "reason for the requested withdrawal[:]" "my clients desire not to be part of this litigation, they believe the facts on which this case is based are totally false and no longer want to be part of a case based on false allegations." (ECF No. 34-3 at 3.)

Attempting to avoid the clarity of that correspondence, Counsel of Record offer three purported reasons for the Court's intervention. Yet each of those reasons simply masks their unjustified attempt to force the 12 Plaintiffs to remain as both their clients and as named Plaintiffs in an action in which those individuals have said they consider the allegations to be "false."

Counsel of Record first contend that there are "contradictions between Mr. Soni's letter and subsequent email and the twelve Plaintiffs' alleged letters." In particular, they describe that "Mr. Soni requests dismissal, while the twelve Plaintiffs' alleged letters only request that the Plaintiffs' counsel 'withdraw from the cases or matters in which you currently represent us.'" (ECF No. 34 at 3.) But that purported contradiction does not exist.

Rather, the 12 Plaintiffs' April 2023 termination letters expressly told Counsel of Record "that our legal relationship has been terminated, and we no longer require your services as our attorney." (*See* ECF No. 34-1 at 4-15.) The respective termination letters then instructed Counsel of Record to "take the necessary steps to withdraw as our counsel[.]" (*Id*.) As Mr. Soni explained, each letter bears the original signature and fingerprint of the respective named Plaintiff. (*See* ECF No. 34-3 at 3.)

Mr. Soni's June 16 Letter clearly expressed the same message. He explained that he has been engaged by the 12 Plaintiffs and that his "clients have decided against pursuing any claims and request that you promptly terminate their involvement in the lawsuit by filing a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a) as to each of them." (ECF No. 34-1 at 2.) In Mr. Soni's subsequent emails on June 28, 2023, and July 4, 2023, he reiterated his clients' instructions that they be withdrawn from this case. (ECF Nos. 34-2 and 34-3.) There is no inconsistency, there is no ambiguity, and there is no contradiction.

Counsel of Record's second reason to ignore the import of the correspondence is their "inability to confirm the authenticity of the twelve Plaintiffs' alleged letters." Yet

**Arnold & Porter**

Hon. Georgette Castner
July 24, 2023
Page 4

they offer no basis at all on which they can or the Court should question those documents. Instead, they ignore Mr. Soni's representation that the April termination letters were "Originally Signed with Left Hand Thumb Impression Letter in English Language as well Originally Signed with Left Hand Thumb Impression in Hindi Language." (ECF No. 34-3 at 3.)

The third purported reason that Counsel of Record propose to justify disregarding the 12 Plaintiffs' instructions is "serious concerns about . . . whether Defendants or their agents may have engaged in unlawful retaliation" and "concerns about potential obstruction of the pending criminal investigation[.]" (ECF No. 34 at 2.) This is stunning. Indeed, it is outrageous that Counsel of Record have suggested that Defendants "engaged in any unlawful retaliation" or "obstruct[ed] . . . the pending criminal investigation" without offering a scintilla of evidence to support such allegations. As is clear from Mr. Soni's communications, his clients have each decided to terminate their relationship with Counsel of Record and to withdraw from the case because they "believe the facts on which this case is based upon are totally false and no longer want to be part of a case based on false allegations." (ECF No. 34-3 at 3.) The fact that Counsel of Record apparently find this to be an inconvenient truth is not a basis to thwart or look behind that choice.

In short, there is no justification for the relief that Counsel of Record seek. It also is of no moment that this litigation is stayed. The 12 Plaintiffs have expressed a clear request to withdraw from this lawsuit now, and to have Counsel of Record undertake the necessary steps to do so. Counsel of Record claim that waiting until the stay is lifted "would not prejudice [the 12 Plaintiffs]." That is not correct. Whether this litigation is stayed or not, there is no basis to force those 12 individuals to remain as Plaintiffs in a lawsuit that makes claims they clearly have no wish to pursue, have disavowed, and with which they clearly no longer wish to be associated publicly.

Nor have Counsel of Record presented any factual basis for their intrusive, time-consuming, and burdensome alternative in which they would take discovery of their *own* clients' written communications, as well as "written discovery and limited depositions of Defendants and Mr. Soni." Instead, they conjure unsubstantiated hypotheses that the 12 Plaintiffs' signatures are not authentic, or that they signed "under duress or facing retaliation."[2] The record that Counsel of Record have provided to this Court is clear: the 12 Plaintiffs want out of the litigation, and they are entitled to that relief.

---

[2] Counsel of Record also justify their resistance in order to "protect the criminal investigation," but it is not their province to do so. Nor do they offer any explanation of how keeping unwilling plaintiffs involved in litigation they prefer to exit will have any effect on the criminal process.

# Arnold & Porter

Hon. Georgette Castner
July 24, 2023
Page 5

      It has now been more than a month since Mr. Soni's initial communication that his clients have terminated their attorney-client relationship with Counsel of Record and that they want to withdraw from this case. Accordingly, the Court should direct Counsel of Record to execute promptly the 12 Plaintiffs' clear instructions to dismiss them as Plaintiffs pursuant to Fed. R. Civ. P. 41(a).

      Respectfully submitted,

Paul J. Fishman