**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

―――――――――――――――――――――――

**KUMAR, et al.,**                                  **CIVIL ACTION NUMBER:**

        **Plaintiffs,**                            **3:21-cv-11048-GC-TJB**

**vs.**

**BOCHASANWASI SHRI AKSHAR PURUSHOTTAM**     **TELEPHONE CONFERENCE**
**SWAMINARAYAN SANSTHA, INC., et al.,**

        **Defendants.**                            **COURTROOM 5E**

――――――――――――――――――――――――

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
Thursday, August 10, 2023
Commencing at 11:02 a.m.

**B E F O R E:**          THE HONORABLE GEORGETTE CASTNER,
                        UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

KAKALEC LAW, PLLC
BY:  PATRICIA KAKALEC, ESQUIRE
BY:  HUGH BARAN, ESQUIRE
195 Montague Street, 14th Floor
Brooklyn, NY  11201
For the Plaintiffs

JAFFE GLENN LAW GROUP, P.A.
BY:  ANDREW GLENN, ESQUIRE
300 Carnegie Center, Suite 150
Princeton, NJ  08540
For the Plaintiffs

           Kimberly Wilson, Federal Official Court Reporter
                Kimberly_Wilson@njd.uscourts.gov
                         (609)815-2751

Proceedings recorded by mechanical stenography; transcript
        produced by computer-aided transcription.

```
1    A P P E A R A N C E S: (Continued)

2

3    RADFORD & KEEBAUGH, LLC
     BY:  DANIEL WERNER, ESQUIRE
     315 W. Ponce de Leon Avenue, #1080
4    Decatur, GA  30030
     For the Plaintiffs

5

6    ARNOLD & PORTER KAYE SCHOLER, LLP
     BY:  PAUL JOSEPH FISHMAN, ESQUIRE
     BY:  AIDAN MULRY, ESQUIRE
7    One Gateway Center, Suite 1025
     Newark, NJ  07102
8    For the Defendants

9    WEIL, GOTSHAL & MANGES, LLP
     BY:  GARY D. FRIEDMAN, ESQUIRE
10   767 Fifth Avenue
     New York, NY  10153
11   For the Defendants

12

13

14   Also Present:

     Ann Dello Iacono, The Courtroom Deputy
15

16

17

18

19

20

21

22

23

24

25
```

```
1              (PROCEEDINGS held via remote teleconferencing before The

2     Honorable Georgette Castner, United States District Judge, at

3     11:02 a.m. as follows:)

4              THE COURT:  Good morning, Counsel.

5              We are on the record in Docket No. 21-cv-11048.

6              May I have appearances of counsel, please, beginning

7     with plaintiff?

8              MS. KAKALEC:  Good morning, Your Honor, Patricia

9     Kakalec from Kakalec Law for the plaintiff.

10             THE COURT:  Anyone else?

11             MR. GLENN:  Good morning.  Andy Glenn from Jaffe

12    Glenn Law Group, Your Honor, on behalf of plaintiffs.

13             MS. KAKALEC:  Your Honor, also with me are Hugh Baran

14    from Kakalec Law and Daniel Werner from Radford & Keebaugh.

15             THE COURT:  Good morning, Counsel.

16             And for defendants?

17             MR. FISHMAN:  Good morning, Your Honor, Paul Fishman

18    from Arnold & Porter on behalf of most of the defendants, as

19    you can tell from our -- from our letter, but not the two

20    defendants that are in India.

21             MR. FRIEDMAN:  And, Judge, Gary Friedman with Weil

22    Gotshal & Manges.  Our appearance in the case -- our formal

23    appearance in the case will be forthcoming for most of the

24    defendants.

25             THE COURT:  Okay.  Just so I'm clear, there are
```

1  defendants who are currently not represented by counsel at this

2  point?

3          MR. FISHMAN:  No, there are defendants who haven't

4  been served yet.  But the plaintiffs can articulate that, I

5  think.

6          MS. KAKALEC:  Yes, Your Honor.  There's two

7  defendants who are located in India.  And we have served them

8  or were attempting to serve them through the Hague Convention.

9  We filed -- we delivered the papers for that May 11th of

10 2020 -- oh, I'm sorry, in April of 2022.

11          (Court reporter clarification.)

12          MS. KAKALEC:  So, my apologies, the service requests

13 were delivered with the Central Authority of India pursuant to

14 the Hague Service Convention in April 2022.  We have confirmed

15 delivery.  We have made attempts to find out the status, but we

16 haven't received a response.  So it still has not been served

17 through the Hague Convention.

18          We understand from others we have talked to about

19 this that it usually takes over a year in India.  It's been

20 several months over a year, but they still have not been served

21 by the Central Authority.

22          THE COURT:  Okay.

23          MR. FISHMAN:  And, Judge, this is Paul Fishman, just

24 to be clear, those two defendants who are not appearing here,

25 and who neither Arnold & Porter, nor Weil Gotshal represents,

1    is BAPS, an India Public Trust, and an individual named Harshad

2    Chavda.

3            THE COURT:  Okay.  And Mr. Friedman, you anticipate

4    entering an appearance on behalf of whom?

5            MR. FRIEDMAN:  On behalf of the same parties that

6    Arnold & Porter is representing.  We are co-counsel with Arnold

7    & Porter.

8            MR. FISHMAN:  And they have been for a while, Judge.

9    And Mr. Friedman and I have both had dealings with plaintiffs'

10   counsel over time.

11           THE COURT:  Okay.  I just want to make sure I just

12   have an understanding as to -- this is a new case for me, just

13   getting up to speed.

14           I've reviewed the parties' letters that were filed on

15   the docket, and including the one as recently as I believe last

16   night.

17           (Court reporter clarification.)

18           THE COURT:  Including the docket -- the letter that

19   was filed yesterday by plaintiff dated August 9th as the docket

20   entry 39.

21           Based on my review of that document -- that letter,

22   it appears to me that we have some direction going forward,

23   which is that plaintiffs are going to file a motion to withdraw

24   as counsel.  And then at that point, if there's discovery

25   that's being requested or a request for a stay in the case,

1    that plaintiffs could seek to file an application with the

2    Court at that time and make that request.

3              (Court reporter clarification.)

4              THE COURT:  Okay, Kim, this is the Judge.  And I had

5    said that based on my review of the letter in docket entry 39,

6    that the parties -- or that plaintiffs' counsel has set forth

7    what the next step should be in the case, which is to file a

8    motion to withdraw as counsel.  To the extent that there's a

9    request for -- to lift a stay in this civil case and request

10   discovery, that the plaintiffs could file an application in

11   that regard.  Or if they have a new attorney that wants to

12   appear on their behalf, that that attorney could file an

13   appearance and file such application.

14             And then I believe Ms. Kakalec was going to interject

15   there.

16             MS. KAKALEC:  Yes, Your Honor.  We would file that

17   motion by the end of next week, if that's acceptable to the

18   Court?

19             THE COURT:  Okay.  I'm going to request that the

20   application be filed no later than August 16th.

21             MS. KAKALEC:  Yes, Your Honor.

22             THE COURT:  Okay.  Is there anything further that you

23   need or request -- I don't have any other applications -- or I

24   don't have any applications before me at this time on anything

25   further for the Court to address.

 1          MR. FISHMAN:  Well, Judge, this is Paul Fishman from

 2   Arnold & Porter on behalf of the defendants.

 3          Your Honor, I think in the letter that counsel for

 4   the plaintiffs sent last evening, they -- essentially, what

 5   they said is it seems clear -- everybody seems clear the

 6   direction for these 12 plaintiffs, who are now in India, that

 7   they want two things:  They want to remove themselves as

 8   plaintiffs in the case.  I mean, it's up to Ms. Kakalec and her

 9   colleagues to do that.  And then they would like to terminate

10   their relationship with them.

11          It appears from the letter that we received last

12   evening that the lawyers are willing to do the second of those

13   things, to withdraw as counsel for their former -- soon to be

14   former clients, but not to implement the clear instructions

15   from their clients to move to dismiss them first.

16          They've cited a case that they say prevents them from

17   doing that.  I read the case quickly this morning.  I don't see

18   that it does that at all.  That case involves when the Court

19   has a role in approval of a settlement in which there are

20   various issues and other class members that may be at risk.

21   But as they pointed out in their letter to the Court, they

22   still represent other putative class plaintiffs in this case.

23   And they continue to do that, although, of course, with

24   whatever in the context of the case was stayed by Judge

25   Thompson with consent of the parties almost two years ago.

1   But leaving that aside for the moment, as I read Rule

2   41, which basically says you can -- somebody can basically get

3   out of the case as a plaintiff if they want, I actually don't

4   understand how they can leave their clients in this limbo when

5   their clients have specifically said to them, we want you to

6   move to dismiss the case.

7   And so I understand what the Court said, but what

8   that means is that these 12 plaintiffs who are -- who have

9   lawyers who are on this call, are now going to be left without

10   lawyers and will have to find new lawyers to seek relief that

11   they have already expressed that they want.  And that's where

12   we are.

13   And so I don't actually understand why it is that

14   plaintiffs' counsel can't or shouldn't make that motion now,

15   orally or in writing, and that the Court could then -- it would

16   be unopposed by the defendants -- and the Court can then grant

17   that application before letting them out of the case.

18   MS. KAKALEC:  Your Honor, if I could?

19   At the very least, there is --

20   THE COURT:  Identify yourself for the record so the

21   court reporter can keep track of who's speaking.

22   MS. KAKALEC:  I apologize.  This is Patricia Kakalec.

23   At the very least, there is a conflict of interest

24   under Rule of Professional Conduct 1.7 between the individuals

25   who now say they want to leave the case and the other nine

1    plaintiffs still in the case.

2          These are all things we were going to address in our

3    written application to the Court.  And so, frankly, if

4    Mr. Fishman and their clients wish to defend on that, they can

5    put that submission in to the Court in writing, as they should.

6          THE COURT:  Yeah, I mean, Mr. Fishman, before me

7    there is no motion or application for me to decide at this

8    point.  When counsel files her motion to withdraw, if you're

9    opposing that, you could submit something in response.

10         I am concerned, when the first letters were received,

11   the plaintiffs had asked to just terminate the attorney-client

12   relationship.  It wasn't until the plaintiff -- I received this

13   new letter that they are now asking me to have them withdrawn

14   from the case prior to them terminating the relationship.

15         I think we can get there, the end result, the same

16   way.  We just might have to take a different path, which is

17   that they withdraw as counsel.  The plaintiff, either through

18   counsel, their new counsel which they indicate that they have,

19   or pro se, can then file an application seeking to withdraw

20   their claims.  I think we get there the same way, just maybe a

21   different, a different route.

22         But right now before me there is no motion or

23   application for me to decide.  So if the parties would like to

24   file a motion, you can move forward with that and then the

25   Court can make the ruling.

1          MS. KAKALEC:  Thank you, Your Honor.  We will file

2     that by the 16th.

3          THE COURT:  Anything further we need to discuss

4     before we conclude the call?

5          MR. FISHMAN:  I do have one -- Paul Fishman, Judge.

6          I do have one thing that I do need to bring to the

7     attention of everybody, which is that when plaintiffs -- the

8     letter from Mr. Glenn and colleagues that was filed last night

9     attached correspondence that they had received from Mr. Soni in

10    India.  And that, in turn, attached passport photos and a

11    variety of other information from these 12 plaintiffs.

12    Unfortunately, counsel did not file those materials with any

13    redactions and they do contain P.I.I., personally identifying

14    information.  And my strong view is that that was not the right

15    way to do this, and that they should have redacted that.  And I

16    would request that they -- that somehow plaintiffs' counsel

17    take steps to refile with redactions, because I don't think

18    that that was appropriate in the context of this or any other

19    case.  I'm not suggesting anything inappropriate.

20         MS. KAKALEC:  Your Honor, we did redact -- we did

21    redact the dates on the passports.  We redacted the -- the

22    months and the day of the birth years as the rule required.  If

23    you look at the documents -- I'm just double checking to make

24    sure --

25         MR. FISHMAN:  I couldn't tell from what we got last

 1   night.

 2          MS. KAKALEC:  Okay.

 3          THE COURT:  Well, this is a, you know, a late filing

 4   that the Court has received as well.  So what I'm going to do

 5   is place it under temporary seal.  And then I'll request that

 6   the parties submit an application.  There is a significant

 7   amount of information -- as I'm just looking at it now -- with

 8   respect to the passport, that I think counsel should take a

 9   second look at and make sure that the personal information is

10   properly redacted on the docket.  But for now, I will place it

11   under temporary seal.

12          MS. KAKALEC:  That's fine, Your Honor.  We'd be happy

13   to redact further information from the passports.  We believe

14   we redacted what was required by the rules.  We are happy to do

15   a more in depth redaction.

16          THE COURT:  Okay, thank you.

17          Anything further we need to discuss before we

18   conclude the call?

19          MS. KAKALEC:  Not from the plaintiff, Your Honor.

20          MR. FISHMAN:  Paul Fishman.  Not for defense, Judge.

21          THE COURT:  Okay.  Thank you, Counsel.  Have a good

22   day.

23          MS. KAKALEC:  Thank you, Your Honor.

24      (Hearing concluded at 11:16 a.m.)

25

```
 1        - - - - - - - - - - - - - - - - - - - - -
         FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE
 2        - - - - - - - - - - - - - - - - - - - - -

 3        I certify that the foregoing is a correct transcript

 4   from the record of proceedings in the above-entitled matter.

 5


 6

     /S/ Kimberly Wilson, RMR, CRR          8/21/2023
 7
     Court Reporter/Transcriber
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```