# KATZ BANKS KUMIN

**Hugh Baran, Partner**
**Phone:  646-759-4501**
**Email:  baran@katzbanks.com**

March 12, 2026

**By ECF**
The Hon. Georgette Castner, United States District Judge
The Hon. Tonianne J. Bongiovanni, United States Magistrate Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and United States Courthouse
402 East State Street, Trenton, NJ 08608

> Re:     *Kumar, et al. v. Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., et al.*, No. 21-CV-11048 (GC)(TJB)

Dear Judges Castner and Bongiovanni:

Our firm, along with Kakalec Law PLLC, Radford Scott LLP, and the Jaffe Glenn Law Group, P.A., represents Plaintiffs Mukesh Kumar, Davi Laal, Niranjan, Mahendra Kumar, Rama Ram, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari in the above-referenced case. We write to request a conference with the Court for the purpose of setting a discovery schedule in this case.

This case was filed on May 11, 2021 and was stayed—based on a motion made by Defendants under the Trafficking Victims Protection Act ("TVPA")—for more than four years due to a government investigation.[1] The stay was lifted on October 28, 2025. Since then, among other things, Defendants have moved to dismiss much of Plaintiffs' Second Amended Complaint.[2] Defendants filed their reply brief in further support of their motion to dismiss on March 9, 2026. All papers were filed on the docket that day (pursuant to the directed bundling procedure), and that motion is now fully briefed and before the Court.

Plaintiffs seek to begin discovery, and request that the Court hold a conference for the purpose of setting a discovery schedule in the case. Under the circumstances here—where the case was stayed for more than four years, during which time one named Plaintiff and at least two putative class members passed away, and at least one named Plaintiff has faced retaliation for his participation in this lawsuit—it is particularly important that discovery proceed promptly and not await the Court's decision on the motion to dismiss. *See Wells Fargo Bank, N.A. v. Lichter Gateway IV, LLC*, No. CV 17-2036 (KM)(MAH), 2017 WL 5957072, at *13 (D.N.J. Dec. 1, 2017) (noting that "the practice of our District . . . is ordinarily to require that discovery go forward while motions to dismiss are pending."); *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. CV 17-14-JFB-SRF, 2019 WL 366223, at *3 (D. Del. Jan. 30, 2019) ("Discovery routinely proceeds while a motion to dismiss an amended pleading remains pending, and this case is no exception.").

---

[1] Plaintiffs stipulated to the stay in light of the then-governing caselaw on the mandatory nature of such stays when moved for by a party or the government.

[2] As Plaintiffs point out in their opposition, however, Defendants do not challenge multiple of the claims in Plaintiffs' complaint. *See* Pls.' Opp. Br., ECF No. 116, at 32 n.19 & 54 n.45. Since at least some claims will survive the motion to dismiss, there is no reason to delay discovery based on that motion.

# KATZ BANKS KUMIN

Hon. Georgette Castner
Hon. Tonianne J. Bongiovanni
March 12, 2026
Page 2

Delaying the start of discovery here would allow evidence to go stale (or be permanently lost, as in the case of the deceased class representative) and would also be contrary to the remedial purposes of the TVPA, the Fair Labor Standards Act, Section 1981, and the related state laws at issue here.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ Hugh Baran
Hugh Baran
*Counsel for Plaintiffs Mukesh Kumar, Davi Laal, Niranjan, Mahendra Kumar, Rama Ram, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari, the Proposed FLSA Collective, and the Proposed Classes*