# KATZ BANKS KUMIN

**Hugh Baran, Partner**
**Phone: 646-759-4501**
**Email: baran@katzbanks.com**

June 25, 2026

**By ECF**

The Honorable Georgette Castner, United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and United States Courthouse
402 East State Street, Trenton, NJ 08608

> Re:    *Kumar, et al. v. Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha,
> Inc., et al.*, No. 21-CV-11048 (GC)(TJB)

Dear Judge Castner:

Our office, along with Kakalec Law PLLC, Radford Scott LLP, and Jaffe Glenn Law Group, PA, represents Plaintiffs in the above-referenced case. Pursuant to the Court's June 18, 2026 Order (ECF No. 155) and Individual Practice Rules, and the Court's June 24, 2026 Letter Order (ECF No. 157), Plaintiffs respectfully submit this letter in response to the Motions to Dismiss (the "Motions") filed by Defendants Harshad Chavda and Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha ("BAPS India" and, with Defendant Chavda, the "India Defendants"), ECF Nos. 152, 154.

The India Defendants move to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), and for failure to state a claim, pursuant to Rule 12(b)(6). The 12(b)(6) parts of Defendants' motions largely duplicate—or fully adopt by reference—arguments made in the briefs accompanying the motion to dismiss filed by the earlier-appearing Defendants in this action. *See, e.g.*, "Chavda Mem." at 22, ECF No. 152-1 ("Mr. Chavda adopts the Domestic Defendants' arguments in their Motion to Dismiss as to why Plaintiffs fail to state a TVPA claim."); *id.* at 24 (same as to RICO arguments); *id.* at 27 (same as to Section 1981). Plaintiffs do not repeat here their response to those substantive 12(b)(6) arguments, which is set forth more fully in Plaintiffs' memorandum in opposition to that motion to dismiss, ECF No. 116.

In this letter, Plaintiffs focus on our anticipated opposition brief's arguments as to why the Court has personal jurisdiction over the India Defendants, and why the India Defendants' arguments to the contrary have no merit.

## Background

In their Second Amended Complaint, Plaintiffs allege that Defendant Harshad Chavda is an agent of and a recruiter of labor for the Employer Defendants. Second Am. Compl. ("SAC") ¶ 114, 156, ECF No. 26. "Working through their prior contacts with workers and neighbors in India," Chavda and others "worked in concert with the Employer Defendants to make arrangements for Plaintiffs and the R-1 workers to come to the United States," SAC ¶ 158, and "recruited workers who were interested in obtaining stonework and construction jobs in the United States." *Id.* ¶ 159. However, the "description of the U.S. work that [Chavda and others] gave the Plaintiffs and the other R-1 workers in India was a far cry from the work the Plaintiffs and other

# KATZ BANKS KUMIN

Hon. Georgette Castner
June 25, 2026
Page 2

R-1 workers were ultimately required to perform." *Id.* ¶ 165. Plaintiffs allege that BAPS India also participated in their recruitment and secured R-1 visas for Plaintiffs to enter this country. *See id.* ¶¶ 150–51, 199. Moreover, BAPS India deposited to bank accounts in India portions of the wages Plaintiffs earned in this country working on BAPS temples. *Id.* ¶ 195.

## I.    FRCP 4 and RICO Provide Personal Jurisdiction Over the India Defendants.

### 1.    FRCP 4(k)(1)(C) and 18 U.S.C. § 1965(b)

Rule 4(k)(1)(C) provides that service of a summons establishes personal jurisdiction over a defendant "when authorized by a federal statute." The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1965(b) ("Section 1965(b)"), provides for nationwide service and jurisdiction over 'other parties' not residing in the district, who may be additional defendants of any kind . . . ."[1] *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 118 (3d Cir. 2020). "Section 1965(b) has three elements: (1) the court has minimum contacts personal jurisdiction over at least one defendant in the case; (2) exercising jurisdiction over the party serves the 'ends of justice'; and (3) personal jurisdiction comports with federal due process." *AR Network, LLC v. Wireless Guardian*, 2026 WL 973498, at *12 (E.D. Pa. Apr. 10, 2026) (citing *Laurel Gardens*, 948 F.3d at 120–22). "Under Third Circuit law, where a statute authorizes nationwide service of process, the jurisdiction of a federal court need not be confined by the defendant's contacts with the forum state." *Cevdet AksÜt Ve Oğullari Koll v. Cavusoglu*, 2015 WL 4317750, at *3 (D.N.J. July 14, 2015).

Neither the Third Circuit nor any district court in the Third Circuit has held that Section 1965(b) disallows its applicability to service of foreign defendants. To the contrary, as the India Defendants recognize, in *Kyko Glob., Inc. v. Prithvi Info. Sols. Ltd.*, the court surveyed a circuit split over this question, distinguished the cases on which the India Defendants rely, and "[g]iven the congressional intent to broaden scope of service through implementing [Section 1965(b)]" and the lack of language in this section *prohibiting* international service, determined that the court "could exercise personal jurisdiction over foreign defendants generally and here specifically." 2020 WL 3643485, at *17 (W.D. Pa. July 6, 2020); *see also, e.g.*, *Dale v. Banque SCS All. S.A.*, 2004 WL 2389894, at *22 n.3 (S.D.N.Y. Oct. 21, 2004) (reasoning that Section 1965 status "does not prohibit" service of process to be effectuated abroad).

In their argument that Section 1965(b) does not authorize personal jurisdiction over foreign defendants, *see* BAPS India Mem. at 18; Chavda Mem. at 14, the India Defendants cite non-binding Second Circuit cases and one case from the Pennsylvania Eastern District Court, which, in a footnote, stated that the Section 1965**(d)**, which governs "all other service of process" that is not a summons or a subpoena, "cannot be the basis for personal jurisdiction." *Issaschar v. Eli Am. Friends of the Isr. Ass'n for Child Prot., Inc.* 2014 WL 716986, at *3 n.2 (E.D. Pa. Feb. 25, 2014).

---

[1] The India Defendants do not contest that Plaintiffs have met the requirement of establishing minimum contacts personal jurisdiction over at least one Defendant. *See Ngambo v. N.Y. State Dep't of Taxation & Fin.*, 2025 WL 1650011, at *6 (3d Cir. June 11, 2025).

# KATZ BANKS KUMIN

Hon. Georgette Castner
June 25, 2026
Page 3

But of course, the present case involves the service of the summons and complaint, which were done in accordance with applicable law and this Court's orders. And neither of the India Defendants move to dismiss under 12(b)(5) for insufficient service of process, thereby waiving any such argument.

2. **The 'Ends of Justice' Are Served by Prosecution of This RICO Action Against All Defendants in This District.**

Although Court of Appeals has not defined what constitutes the "ends of justice" for purposes of establishing personal jurisdiction, it nevertheless clarified that "[u]nlike the traditional approach, this inquiry focuses less on federalism concerns and more on the national interest in furthering the policies of the federal statute at issue." *Laurel Gardens*, 948 F.3d at 121–22. Here, the "ends of justice" support the Court asserting jurisdiction over the India Defendants. There is no other district court that would have traditional personal jurisdiction over all Defendants, *see AR Network*, 2026 WL 973498, at *14, and "the focal point of the allegedly unlawful conduct" was in New Jersey, *see Dean v. Bissel*, 2022 WL 769993, at *19 (D.N.J. Mar. 14, 2022).

Despite the India Defendants' attempts to locate Plaintiffs' allegations of their conduct as far removed from New Jersey—and the United States, *see* Chavda Mem. at 16–18; BAPS India Mem. at 19—Plaintiffs allege that the India Defendants recruited Plaintiffs to work at temples in New Jersey and elsewhere in this country, submitted visa documents to ensure Plaintiffs' entry into the country, and paid to accounts in India a portion of Plaintiffs' wages earned for work performed at these U.S. temples. *See, e.g.*, SAC ¶¶ 99, 114, 150–51, 204–207. In light of the extraterritorial coverage of RICO, *see RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 349 (2016); *cf. Aquino v. Mobis Alabama, LLC*, 739 F. Supp. 3d 1152, 1184-85 (N.D. Ga. 2024)(RICO has extraterritorial reach if the plaintiff alleges a domestic injury; collecting cases), and the statute's clear provision of "prosecution of a civil RICO action in a court foreign to some defendants if it is necessary," *Laurel Gardens*, 948 F.3d at 118, the ends of justice are served by facilitating participation of the India Defendants, whom Plaintiffs alleged played an important role in the conspiracy with the Domestic Defendants.

Moreover, the caselaw cited by the India Defendants is inapposite. In *Dean*, contrary to Defendants' contentions, the court found no personal jurisdiction over international defendants where, unlike here, the plaintiff alleged "two distinct enterprises with separate operations in Canada and New Jersey" and where "all conduct" of the international defendants in support of the alleged RICO enterprise occurred in Canada. *See* 2022 WL 769993, at *19.

3. **The Exercise of Personal Jurisdiction Over India Defendants Comports with Federal Due Process.**

This Court's exercise of jurisdiction over the India Defendants also "comports with federal due process because of the strong national interest 'in furthering the policies of the federal anti-racketeering statute enabling a single district court to exercise personal jurisdiction over all

# KATZ BANKS KUMIN

Hon. Georgette Castner
June 25, 2026
Page 4

defendants,'" and in light of this requirement's focus "on contacts with the nation as a whole," *AR Network*, 2026 WL 973498, at \*13 (quoting *Laurel Gardens*, 948 F.3d at 123–24). As discussed above, the India Defendants, *inter alia*, recruited Plaintiffs to work in the U.S., facilitated their entry with visas, and issued payment of portions of Plaintiffs' wages for work performed in this country. And again, the India Defendants have waived any argument that service was not achieved in accordance with due process. Indeed, based on their appearance in this action represented by able counsel, both defendants appear to have the resources and means to defend this action.

For all of these reasons, the Court can and indeed should exercise personal jurisdiction over the India Defendants pursuant to Section 1965(b). And because the Court has personal jurisdiction over the India Defendants under RICO, the Court can and should exercise supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. § 1367. *See Laurel Gardens*, 948 F.3d at 124. The India Defendants do not meaningfully contest that Plaintiffs' other claims "are so related to" the claims under RICO "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## II.      FRCP 4(k)(2) Provides Personal Jurisdiction Over the India Defendants.

Federal Rule 4(k)(2) provides that "serving a summons . . . establishes personal jurisdiction over a defendant if: "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."[2] "Courts employ a three-step approach to determine whether a federal court may exercise personal jurisdiction over a foreign defendant under Rule 4(k)(2): (1) whether the claim arises under federal law; (2) whether the defendant is subject to the jurisdiction of a court of general jurisdiction; and (3) whether the exercise of jurisdiction will comport with due process." *Gonzalez v. BAM Trading Servs.*, 2026 WL 765378, at \*28 (D.N.J. Mar. 18, 2026). "As Rule 4(k)(2) operates independently of any state's long-arm statute, the due process analysis turns on the Fifth Amendment's Due Process Clause (applicable to the federal government) instead of the Fourteenth's (applicable to the states)." *Id.* (cleaned up). "Rule 4(k)(2) contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 1909386, at \*6 (D. Del. June 3, 2022) (citation omitted).

Here, there is no dispute that several of Plaintiffs' claims arise under federal law. Moreover, in light of their arguments regarding lack of personal jurisdiction, *see* BAPS India Mem. at 9–20, Chavda Mem. at 16–20, the India Defendants cannot meaningfully contend that they are subject to the jurisdiction of a court of general jurisdiction.[3]

---

[2] BAPS India implies that Plaintiffs fail to cite Rule 4(k)(2) in its Second Amended Complaint. However, "Rule 4(k)(2) can be considered even when the plaintiff has affirmatively pled a different basis for personal jurisdiction." *Knoll, Inc. v. Senator Int'l Ltd.*, No. CV 19-4566, 2020 WL 1922780, at \*6 (E.D. Pa. Apr. 21, 2020).

[3] Instead, BAPS India contends *not* that it is, in fact, subject to the general jurisdiction of any state court but instead that Plaintiffs have not made an "affirmative representation" that it is not subject to the general jurisdiction of any

# KATZ BANKS KUMIN

Hon. Georgette Castner
June 25, 2026
Page 5

Instead, the India Defendants contend primarily that any actions they took occurred solely in India, which cannot satisfy minimal contacts with this country. *See* BAPS India Mem. at 23–25; Chavda Mem. at 16–17. The cases cited, however, do not support this proposition. In *Aldossari v. Ripp*, the Court of Appeals upheld dismissal of Saudi Crown Prince defendants under Rule 4(k)(1)(A) where, unlike here, the conduct alleged "bore no connection to [the forum state]." 49 F.4th 236, 258 (3d Cir. 2022). Similarly, in *Walden v. Fiore*, the Supreme Court found, again pursuant to Rule 4(k)(1)(A), that the defendant officers' allegedly tortious conduct in another state, which could reasonably cause injury to plaintiffs in the forum state, was insufficient to satisfy minimum contacts. *See* 571 U.S. 277, 291 (2014). Moreover, contrary to Defendant Chavda's contention that *SEC v. Sharef* is "factually similar," that court found that a German executive did not have minimum contacts with the U.S. where he did not play any role in the underlying conduct alleged—falsifying SEC filings—but instead "urged," along with several others, another German executive to bribe Argentinian officials. 924 F. Supp. 2d 539, 548 (S.D.N.Y. 2013).

As discussed above, Plaintiffs allege that the India Defendants, *inter alia*, recruited Plaintiffs to work at temples <u>in New Jersey and elsewhere in this country</u>, submitted visa documents to the U.S. government to ensure Plaintiffs' entry into the country, and paid to accounts in India a portion of Plaintiffs' wages earned for work performed at these U.S. temples. The India Defendants' actions were thus plainly targeted at causing these Plaintiffs and hundreds of other class members to be in the United States. Again, Plaintiffs allege that the India Defendants engaged in a systemic and concerted scheme to exploit the R-1 visa process to recruit and import Plaintiffs' and class members' labor into the United States. These allegations amply satisfy the India Defendants' minimal contacts with this country for purposes of due process.

### III.    To the Extent that the Court Believes There Is a Question about Jurisdiction, Jurisdictional Discovery Should Be Allowed.

The rule in this Circuit is that "jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover v. ABA*, 107 F.3d 1026, 1042 (3d Cir. 1997); *see also Elsisi v. CFT Sols., LLC*, 2024 WL 2859458, at *1 (D.N.J. May 30, 2024) (permitting jurisdictional discovery for plaintiffs' RICO claims). As noted above and in Plaintiffs' opposition to the Domestic Defendants' motion to dismiss, Plaintiffs' claims involve serious allegations of labor trafficking, forced labor, and wage violations, and are patently nonfrivolous.

BAPS India does not even contend that Plaintiffs' allegations are frivolous, but rather argues that allegations as to BAPS India are "disconnected from the United States and from the core conduct at issue in this case," BAPS India Mem. at 36,[4] which does not suffice to prevent jurisdictional discovery. Plaintiffs allege that the India Defendants, *inter alia*, recruited Plaintiffs

---

state court. That form-pleading rule adopted by some courts is inconsistent with the Federal Rules, and the Third Circuit does not require such a representation. *See Gonzalez*, 2026 WL 765378, at *29 (discussing Circuit split regarding which party bears the burden of this element and determining that plaintiff "bears the initial burden" of certifying that defendant is not subject to general jurisdiction of any court).

[4] Mr. Chavda does not argue that Plaintiffs are not entitled to jurisdictional discovery. *See generally* Chavda Mem.

# KATZ BANKS KUMIN

Hon. Georgette Castner
June 25, 2026
Page 6

for the purpose of their employment at BAPS temples in New Jersey and elsewhere in the United States, facilitated Plaintiffs' entry into this country, and paid to accounts in India portions of Plaintiffs' wages earned for work performed in the United States, *see, e.g.*, ¶¶ 156–60, 205–06. Such allegations far exceed the minimal bar of frivolity, such that the Court should permit jurisdictional discovery to proceed.

### IV.     The India Defendants' Other Arguments Are Without Merit.

BAPS India contends that Plaintiffs' claims "fail as a matter of law" because they "rely on improper group and conclusory pleading." BAPS India Mem. at 37. While BAPS India recognizes specific allegations going to the TVPA and RICO claims, it argues that the actions it did take were all in India and not sufficiently connected to the wrongdoing alleged in the U.S. *See id.* at 38. As to Plaintiffs' FLSA, Section 1981, and quasi-contractual claims, BAPS India again relies on a lack of specificity. *See id.* at 39–40. BAPS India relies primarily on *Green v. 712 Broadway, LLC*, in which the court dismissed the complaint—granting leave to replead—where plaintiff failed completely to disambiguate defendants and, in particular, failed to allege that defendants were "joint employers." 2018 WL 2754075, at *5 (D.N.J. June 8, 2018). As discussed in Plaintiffs' opposition to the Domestic Defendants' Motion to Dismiss, ECF No. 115-8, Plaintiffs allege with specificity the many ways that the India Defendants participated in unlawful activities and, in particular, how they were "joint employers" for purposes of Plaintiffs' FLSA claims.[5]

\* \* \*

Finally, the Court need not delay its decision on the pending Domestic Defendants' motion to dismiss, ECF No. 115, because of these new motions of the India Defendants. Given the almost five year stay which has already kept this case from moving forward, and in light of the Court's strong interest in ensuring the efficient and just resolution of this action, *see* Fed. R. Civ. P. 1, Plaintiffs believe that Defendants' objections to this action are most efficiently addressed if the Court rules on the Domestic Defendants' arguments first. Plaintiffs are prepared to promptly respond to the India Defendants' motions to dismiss on jurisdictional grounds and to promptly address any other new arguments.

We thank the Court for its ongoing attention to this matter.

Respectfully submitted,

/s/ Hugh Baran
Hugh Baran

*Counsel for Plaintiffs Mukesh Kumar, Davi Laal, Niranjan, Mahendra Kumar, Rama Ram, Ramesh Kumar, Deva Ram, Rupa Ram, and Khima Ram Rebari, the Proposed FLSA Collective, and the Proposed Classes*

---

[5] To the extent the Court finds more is required, any such deficiency can be easily cured by amendment.