**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

October 22, 2026

**LETTER ORDER**

**Re: Kumar, et al. v. Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., et al.; Civil Action No. 21-11048 (GC)**

Dear Counsel:

Pending before the Court is Plaintiffs Mahendra Kumar, Mukesh Kumar, Ramesh Kumar, Devi Laal, Niranjan, Deva Ram, Rama Ram, Rupa Ram, and Khima Ram Rebari's (collectively, "Plaintiffs") motion requesting that the Court schedule a discovery conference and set a discovery schedule.[1] (Docket Entry No. 121). Defendants BAPS Atlanta, LLC, BAPS Chicago, LLC, BAPS Chino Hills LLC, BAPS Development, Inc., BAPS Fellowship services, Inc., BAPS Houston, LLC, BAPS Mercer LLC, BAPS Robbinsville LLC, Bochasanwasi Shri Akshar Purushottam Swaminarayan Sanstha, Inc., Prashant Darshan Das Sadhu, Bharat Doe, Kanu Patel,

[1] In light of the Trafficking Victims Protection Act ("TVPA") allegations raised in Plaintiffs' Complaint along with the then-ongoing federal criminal investigation arising out of the same or substantially similar occurrences and allegations as those raised by Plaintiffs under the TVPA, this matter was stayed in its entirety on November 23, 2021. Order of 11/23/2021; Docket Entry No. 22. The stay remained in place until October 28, 2025, when the matter was reopened and the case stay was lifted. Order of 10/28/2025; Docket Entry No. 88. Despite the stay being lifted, discovery remained stayed. No discovery schedule was set as the Court determined how to best proceed in this matter, including with respect to service upon Defendant BAPS Bochasanwasi Shri Aksharpurushottam Swaminarayan Sanstha and Defendant Harshad Chavda (collectively, the "Foreign Defendants"). The Domestic Defendants moved to dismiss Plaintiffs' Second Amended Complaint on March 9, 2026. (*See* Docket Entry No. 115). Shortly thereafter, on March 12, 2026, Plaintiffs filed the instant motion seeking the entry of a discovery schedule. (*See* Docket Entry No. 121). Since then, the Foreign Defendants were served with process and have also moved to dismiss Plaintiffs' Second Amended Complaint. (*See* Docket Entry Nos. 152 and 154).

Pankaj Patel, and Rakesh Patel (collectively, the "Domestic Defendants") have opposed Plaintiffs' motion. (Docket Entry No. 124). The Court has fully reviewed and considered all arguments raised in favor of and in opposition to Plaintiffs' motion, including those outlined in the parties' briefs and those made during the hearing held on August 5, 2026.

At the threshold, the Court notes that it has broad discretion over case management issues, such as whether a discovery stay is warranted. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey v. Pfeiffer*, Civ. No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion."). The Court further notes that stays of discovery are not inherently preferred "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle v. Hornell Brewing Co.*, Civ. No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted). Nevertheless, it is well-recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

The party seeking to stay discovery bears the burden of establishing good cause for the stay. *See* Fed.R.Civ.P. ("Rule") 26(c); *see also Coyle*, 2009 WL 1652399, at *3 (noting that

"[p]ursuant to Rule 26(c), the party seeking a stay of discovery must establish 'good cause' for such a stay."). In determining whether good cause exists for a stay of discovery, the Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citations omitted). As such, the Court considers a number of factors, including:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Actelion Pharmaceuticals Ltd. v. Apotex Inc.*, Civ. No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (internal quotation marks and citations omitted); *see Vicchairelli v. New England Linen Supply Co., Inc*, 2020 WL 8335593, at *1-2 (D.N.J. Feb. 26, 2020) (quoting *Actelion,* 2013 WL 5524078, at *3).

Under the circumstances presented here, after weighing the competing interests, the Court finds that there is good cause to maintain the stay on discovery.

In this regard, the Court does not find that a stay of discovery would unduly prejudice or present a clear tactical disadvantage to Plaintiffs. While the Court appreciates that there has already been a sizable delay in this matter in light of the stay imposed based on the criminal investigation noted above, concerns regarding fading memories and a potential loss of evidence are significantly offset by the litigation preservation holds that have been put in place coupled by the information gathered as part of the government's criminal investigation.

In contrast, the Court finds that denying a stay of discovery would create a clear case of hardship for the Domestic and Foreign Defendants. The amount of discovery at issue is substantial given the allegations at issue: Plaintiffs have asserted claims under the TVPA, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act ("FSLA"), 42

U.S.C. § 1981, and other related federal and state law claims. Moreover, the burden and expense of same is compounded by the fact that this matter involves not simply individual allegations, but also class and collective allegations.[2] While the Court considered alternatives to full merits-based discovery, such as a production from the underlying criminal investigation, the Court finds that even that would be inequitable for the defendants at this stage of the proceedings. Indeed, the government as part of its criminal investigation seized approximately 13 terabytes of data, involving millions of pages of material that included information vastly beyond what would have been the subject of ordinary civil discovery. Requiring a review of that information now would be burdensome both in terms of time and expense. Therefore, on balance, the Court finds that the equities favor a stay with respect to the first and second factors.

Turning to the third factor, the Court considers whether a stay would simplify the issues. In doing so, the Court is mindful of the fact that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamles*, 247 F.R.D. at 454. The Court is similarly mindful of the fact that, in considering whether to stay discovery pending a decision on a dispositive motion, the Court "cannot predict how [the District Judge] will rule on the pending motion to dismiss." *United Healthcare Servs., Inc. v. Teva Pharms. USA, Inc.*, Civ. No. 22-6643, 2023 WL 6558058, at *2 n.2 (D.N.J. May 11, 2023) (citation omitted). Instead, the Court "examines how the motion's resolution may impact the overall adjudication of this action" *Actelion*, 2013 WL 5524078, at *5. Thus, the Court considers "whether the pending dispositive motion 'does not appear to be without foundation in law.'" *Id.* (quoting *Victor v. Huber*, Civ. No. 12-282, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012). If the dispositive motion has a

---

[2] On this point, the Court finds it worth noting that 12 of the originally named 21 plaintiffs have already withdrawn from this matter.

foundation in law, then the filing of same "may favor the issuance of a stay where, as here, the Court finds that resolution of the dispositive motion may 'narrow[]' or 'outright eliminat[e]' the need for discovery." *Id* (quoting *Weisman v. Mediq, Inc.*, Civ. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)).

Here, neither the Domestic Defendants' nor the Foreign Defendants' motions to dismiss are frivolous. All three raise dispositive questions well founded in law. While Plaintiffs plainly disagree with the arguments raised by the Domestic and Foreign Defendants in their respective motions to dismiss, such disagreement does not render the motions frivolous. Quite to the contrary, Plaintiffs challenge the motions on substantive grounds. As a result, the Court considers how the resolutions of these motions may impact the overall adjudication of this matter. In certain cases, the nature of the dispositive motion means that its resolution may have little impact on the ultimate scope of discovery. This is not the case here. A decision on the pending motions could be wildly impactful. Indeed, decisions favorable to the Domestic and Foreign Defendants would obviate the need for discovery, ending this litigation. Consequently, the Court concludes that a stay of discovery would simplify the issues and trial of this case. The third factor favors entry of stay.

Finally, with respect to whether discovery is complete and whether a trial date has been set, the Court notes that because of the initial TVPA stay, this matter remains in its initial stages: discovery has not commenced, and no trial date has been set. Therefore, the fourth factor likewise favors entry of a stay.

For the reasons stated above, the Court concludes that the factors discussed herein warrant a stay of discovery. Accordingly, the Court exercises its discretion to maintain the stay of discovery in this action.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE PARTIES SHALL ADVISE THE COURT IN WRITING IMMEDIATELY UPON THE DISTRICT COURT'S DETERMINATION OF THE DOMESTIC DEFENDANTS AND FOREIGN DEFENDANTS' PENDING MOTIONS TO DISMISS.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE DOCKET ENTRY NO. 121.**

s/ Tonianne J. Bongiovanni
**HON. TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**